**LUNDELL**

v.

**WALLIN MFG. CO.**

Civ. A. No. 768.

United States District Court
N. D. Iowa, W. D.
July 30, 1954.

Rudolph L. Lowell and James E. Stephenson, Des Moines, Iowa, for plaintiff.

Arthur H. Sturges, Omaha, Neb., Mark W. Bancroft, Marcus, Iowa, for defendant.

GRAVEN, District Judge.

Findings of Fact

1. This is a suit under the patent laws of the United States charging the defendant with infringement of Reissue Letters Patent No. 23,594 issued to the plaintiff, Vernon Lundell, on December 9, 1952, for Trailer Dump Body. The plaintiff is a resident of Cherokee County, Iowa, and a citizen of the State of Iowa. The plaintiff is now and at all times since December 9, 1952, has been the sole owner of the said Letters Patent. The defendant is a corporation duly organized and existing under and by virtue of the laws of the State of Iowa.

2. On January 8, 1946, the plaintiff filed an application with the United States Patent Office for a patent for Improvement In Trailer Dump Body. Based upon said application there was issued to the plaintiff on May 9, 1950, Letters Patent No. 2,507,169 Trailer Dump Body. On October 2, 1950, the plaintiff filed an application with the United States Patent Office for the reissue of Letters Patent upon Trailer Dump Body. In the application the plaintiff stated that Letters Patent No. 2,507,169 issued on May 9, 1950, was invalid and inoperative because of:

A.—Ambiguities in the description.

B.—Errors in the description.

C.—Errors in the drawings.

D.—Errors in the claims.

E.—Ambiguities in the claims.

F.—Unnecessary limitations in the claims.

In the application the plaintiff further stated that the said defects and errors which rendered the said patent inoperative and invalid arose from inadvertence, accident, and mistake. On December 9, 1952, there was issued to the plaintiff Reissue Letters Patent No. 23,594 for Trailer Dump Body.

3. Reissue Patent No. 23,594 contains four claims. The plaintiff relies upon claims 3 and 4. Those claims read as follows:

"3. In a trailer chassis having a pair of spaced longitudinal side members, a transverse bar connecting said side members, a hoisting structure comprising a box-like body hinged to the rear ends of said side members, a hydraulic lift including a cylinder pivoted to said transverse bar, a piston in said cylinder having a piston rod extending therefrom, tracks attached to said body, a further transverse bar attached to the outer end of said piston rod, wheels journalled on said further transverse bar and engaging said tracks, spaced supporting arms pivotally secured to said side members and pivotally attached to said further transverse bar, said tracks being inclined toward the rear ends of said side members, the complete length of said inclined tracks being positioned between the hinged point of said body and the rear end of said cylinder, whereby the pivoting point of said cylinder and said piston will be ahead of said tracks at all times during the raising action imparted by said cylinder."

"4. In a trailer chassis having a substantially rectangular stationary framework portion, a hoisting structure comprising a box-like body hinged to the rear end of said framework portion, a hydraulic lift including a cylinder pivoted to the forward end of said framework portion, a piston in said cylinder having a piston rod extending therefrom, tracks attached to said body, a transverse bar attached to the outer end of said piston rod, wheels journalled on said transverse bar and engaging said tracks, spaced supporting arms pivotally secured to the sides of said framework portion and pivotally attached to said transverse

bar, said tracks being inclined toward the rear end of said framework portion, the complete length of said inclined tracks being positioned between the hinged point of said body and the rear end of said cylinder, whereby the pivoting point of said cylinder and said piston will be ahead of said tracks at all times during the raising action imparted by said cylinder."

In connection with the original and the Reissue Letters Patent the following references were given:

United States Patents

| No. 1,944,414 | Eisenberg, Jr. | January | 23, 1934 |
|---|---|---|---|
| No. 1,693,874 | Sirot | December | 4, 1928 |
| No. 1,889,520 | Anthony | November | 29, 1932 |
| No. 2,144,599 | Anthony | January | 17, 1939 |
| No. 2,488,790 | Wood | November | 22, 1949 |
| No. 2,162,831 | Barrett | June | 20, 1939 |
| No. 2,210,142 | Day | August | 6, 1940 |
| No. 1,943,050 | Beath | January | 9, 1934 |

Foreign Patents

| No. 122,256 (Australian) | Cannings | September 11, 1946 |
|---|---|---|

The defendant gave notice that it would rely upon those patents as prior and anticipatory.

4. The defendant in its answer, among other defenses, plead the following:

"The alleged invention described and claimed in said Reissue Patent do (sic) not involve an exercise of the inventive faculties, but only the judgment, knowledge and skill possessed by persons skilled in the art at and prior to the time of the alleged invention of the patentee, the instant plaintiff:

"The claims of said Letters Patent do not cover patentable combinations, but are directed to and define unpatentable and non-inventive aggregations of elements."

5. The plaintiff has since 1945 been engaged in the manufacture and sale of a truck dumping mechanism frequently referred to as a dump hoist for trucks. The plaintiff's place of business is at Cherokee, Iowa. The defendant and its predecessors in business have been similarly engaged. Its place of business is at Marcus, Iowa. The municipalities of Cherokee and Marcus are approximately 15 miles apart.

6. The invention described and claimed by the plaintiff in Reissue Letters Patent No. 23,594 will be referred to as plaintiff's dump hoist. Truck boxes may be unloaded by being tilted to the side. They may also be unloaded by being tilted to the rear. Where this latter method is used the rear panel of the box is made removable, the rear end of the truck box is pivotally attached to the chassis, and the truck is equipped with a mechanical lifting device capable of giving the box the tilt necessary to cause the load to slide out to the rear. By this method a truck box is unloaded by swinging it upwardly and rearwardly on its hinged rear end. While it is the invention claimed and described in the plaintiff's patent which is governing, yet for convenience a truck equipped with plaintiff's commercial mechanism will be used for purposes of description. On each side of the chassis a short distance in from the wheels there is a section of angle iron 10 to 12 feet in length extending from the front to the rear which rests upon and is attached to the chassis. They are connected at each end by a section of channel iron. There are corresponding sections of angle iron attached to the bottom of the truck box. When the truck box is in normal position,

the sections of angle iron on the bottom of the truck box rest upon the sections of angle iron attached to the chassis. The rear ends of the sections of angle iron on the bottom of the truck box are pivotally attached to the rear ends of the sections of angle iron attached to the chassis. A hydraulic cylinder is situated near the front end of the chassis. The bottom of it is pivotally attached to the channel iron which connects the two sections of angle iron attached to the chassis. A piston rod extends outwardly and rearwardly from the top of the cylinder. At the end of the cylinder there is a cross-bar, or cross-shaft, which has a steel roller wheel at each end. Between these wheels are two supporting lifting arms, the lower ends of which extend down below the sections of angle irons attached to the chassis. The upper ends of the arms are pivotally attached to the cross-shaft. The lower ends of the arms are pivotally attached to brackets located underneath the sections of angle irons. When the truck box is in normal position, the hydraulic cylinder, the piston rod, the cross-shaft and its supporting arms are in a flat position.

In between the two sections of angle irons attached to the bottom of the truck box there are two steel angle iron tracks. They are spaced and constructed so as to constitute tracks for the steel roller wheels which are at each end of the cross-shaft attached to the end of the piston rod. When it is desired to unload a truck box on a truck equipped with plaintiff's mechanism, the pressure in the hydraulic cylinder is activated, such activation presses the piston rod outward, the pressure exerted on the piston rod causes the steel roller wheels situated on the cross-shaft to exert a rolling pressure against the tracks on the bottom of the truck box, and such rolling pressure raises the truck box to a dumping position. At the end of the piston stroke the roller wheels are at the extreme rearward end of their tracks.

7. The claim of the plaintiff as to what claims 3 and 4 of the reissue patent cover and include is indicated in a letter written by a patent attorney for the plaintiff to the attorney for the defendant in regard to similar claims in the original patent. Defendant's Exhibit No. 4. The patent attorney for the plaintiff stated that "two rather broad claims were allowed." He further stated, "These claims cover the general combination of a hoisting mechanism wherein a cylinder is pivoted, with a piston in said cylinder having a piston rod extending therefrom, and wherein the piston rod carries a certain roller structure, which rollers or wheels engage inclined tracks, together with a pair of spaced arms pivotally mounted on the lower framework members."

8. The patent in suit is a combination patent. It is an aggregation of old elements which, in the aggregation, perform no new and different function or operation than that theretofore performed or produced by them. The arrangement and form of its elements is a matter of engineering choice. The patent in question is lacking in invention because of the state of the prior art. The state of the art prior to the patent in question was such that one skilled in the art and having the art before him could have constructed the dump hoist mechanism of Reissue Patent No. 23,594.

9. The circumstances are not such as to justify the award of an attorney fee to the defendant.

Conclusions of Law

1. That this Court has jurisdiction of the subject matter of this action and the parties thereto.

2. That Reissue Letters Patent No. 23,594 issued to Vernon Lundell on December 9, 1952, for Trailer Dump Body is invalid as lacking in invention.

3. That no award of an attorney fee shall be made to the defendant.

Order for Judgment

It is hereby ordered that judgment shall be entered adjudging Reissue Letters Patent No. 23,594 issued to Vernon Lundell invalid for lack of invention and

dismissing plaintiff's complaint with prejudice and rendering final judgment against the plaintiff for the taxable costs of this action.